In the Matter of DAVID M. GRAY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 10, 1987

### APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Crimi & Crimi (Charles F. Crimi* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent is an attorney admitted to practice by this court

in 1953 and maintains an office for the practice of law in Rochester, New York. He is charged by the Grievance Committee of the Seventh Judicial District with a violation of Code of Professional Responsibility DR 1-102 (A) (3) and (4).

After this court referred the matter for a hearing, the parties entered into a stipulation and an agreed statement of facts. We accept the stipulation and, *sua sponte,* vacate the order of reference.

Respondent stipulated, and we find, that he violated Code of Professional Responsibility DR 1-102 (A) (4) and engaged in conduct involving dishonesty, fraud and misrepresentation when, during two separate periods of time, he engaged in a scheme of writing checks between two banks without sufficient funds to cover the checks. The first check kiting scheme transpired between December 30, 1985 and February 28, 1986, and involved checks drawn on his personal checking account (held jointly with his wife) with Chase Lincoln First Bank of Rochester and his attorney's operating account with Marine Midland Bank. The second scheme occurred between August 12 and 20, 1986, and involved checks drawn on the Chase Lincoln account and his attorney trust account with First National Bank of Rochester. Both schemes were terminated by the deposit of sufficient funds, no loss was suffered by any of the banking institutions, and the United States Attorney declined to prosecute for violation of Federal law.

The Grievance Committee and respondent have also stipulated to several "mitigating circumstances". On each occasion, the check writing activity arose out of respondent's personal real estate transactions, not client transactions, and the transactions did not involve any client funds. Although respondent's cash reserve account was insufficient to cover the amounts of all the checks, he did have collateral at Chase Lincoln sufficient at all times to cover any loan default and account overdraft. The parties also have stipulated that respondent had a reasonable expectation of bank credit upon demand sufficient to satisfy an overdraft; that the second check writing activity began when respondent wrote a check for the purchase of his son's house in anticipation of receiving moneys later that afternoon from satisfaction of a mortgage held by his wife and that, unexpectedly, was not satisfied until several days later; and that there were other transactions between the same accounts during the same periods of time that did not involve check kiting.

We further note that respondent has fully cooperated with the Grievance Committee's investigation. Upon consideration of respondent's otherwise clear record for nearly 35 years in the practice of law, we conclude that respondent should be censured.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BALIO, JJ., concur.

Order of censure entered.