In the Matter of DAVID M. GRAY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 4, 1991

APPEARANCES OF COUNSEL

*Daniel A. Drake* for petitioner.

*Mitchell T. Williams* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent is an attorney admitted to practice by this court in 1953 and maintains an office for the practice of law in Rochester, New York. Petitioner Grievance Committee has charged that respondent's handling of two estates between 1981 and 1991 constitutes a violation of various disciplinary rules governing the conduct of attorneys.

Following a hearing, Judge Maurice E. Strobridge, appointed by this court to act as Referee, found that respondent

committed the acts alleged in the petition. The Grievance Committee has moved to confirm that report.

Respondent has cross-petitioned for a stay of further proceedings until a determination is made whether respondent is incapacitated from the practice of law because, in the opinion of medical personnel, he is suffering from major depression that prevents him from focusing upon the details of a law practice. We dismiss the cross petition, and consider the material submitted by respondent in mitigation.

The motion to confirm the Referee's report is granted. We conclude that respondent has commingled personal and client funds in violation of Code of Professional Responsibility DR 9-102 (A); that respondent, by advancing the payment of fees to himself without a prior court order and by failing to establish a separate account for each estate, engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5); that respondent repeatedly misrepresented the status of both estates over a six-year period of time, thereby engaging in conduct involving dishonesty and misrepresentation in violation of DR 1-102 (A) (4); that respondent misplaced the original will of Harris Weinstein for some nine years in violation of DR 9-102 (B) (2); that respondent, by failing to maintain complete records of estate funds and by failing to render prompt accountings concerning the estate funds, violated DR 9-102 (B) (3); and that respondent, by failing to attend to the probate and closing of the estates, neglected legal matters entrusted to him in violation of DR 6-101 (A) (3).

With respect to the sanction to be imposed, we note that this is not the first charge of misconduct brought against respondent. He was previously censured by this court in 1987 for engaging in conduct involving dishonesty, fraud and misrepresentation in violation of DR 1-102 (A) (4) *(Matter of Gray,* 131 AD2d 188). We have also considered in mitigation the medical affidavits suggesting that respondent suffers from major depression, which, in the view of the affiants, is the cause of his inability to focus on necessary details of his law practice and to complete his tasks. Under the circumstances, respondent is suspended from the practice of law for a period of two years and until further order of this court *(see, Matter of Rudin,* 153 AD2d 338; *Matter of Higgins,* 93 AD2d 572).

CALLAHAN, P. J., DENMAN, GREEN, BALIO and LAWTON, JJ., concur.

Order of suspension entered.